IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PAVEL KISLYAK, | ) | 4:12CV3042 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| NEBRASKA STATE, and 49 | ) | |
| OTHER STATES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

  Plaintiff filed his Complaint in this matter on March 5, 2012. (Filing 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing 6.) The Court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.  SUMMARY OF COMPLAINT

  Plaintiff filed his Complaint against the State of Nebraska and "49 Other States." (Filing 1.) Plaintiff's Complaint is very difficult to decipher. As best as the Court can tell, Plaintiff alleges an unknown individual recently used his identification to withdraw money and/or write checks from Plaintiff's bank account. (*Id.* at CM/ECF pp. 2-3.) Plaintiff did not authorize these withdrawals and therefore believes that someone has stolen his identity. He requests that the Court provide him a "completely" new identity and provide him with a new "social security number, first and last names with middle name, driver license number, U.S. passport number, airframe and power plant mechanic license, pilot license and etc." (*Id.* at CM/ECF p. 1.)

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

  The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court

must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see, also*, *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

In addition, to state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

**III. DISCUSSION OF CLAIMS**

The Court has carefully reviewed the Complaint. As stated above, Plaintiff's allegations are difficult to decipher. The allegations which the Court can decipher do not nudge any claim across the line from conceivable to plausible. Indeed, Plaintiff does not set forth any specific actions taken by Defendants which violate any constitutional right or support a claim under 42 U.S.C. § 1983 or any other federal statute. *Keeper v. King*, 130 F.3d 1309, 1314

2

(8th Cir. 1997). Rather, Plaintiff alleges actions taken by a non-Defendant individual that, even with the most liberal construction, arise pursuant to state law only, such as claims relating to conversion. In short, Plaintiff does not allege that Defendants deprived him of a right secured by the Constitution or laws of the United States or that the alleged deprivation was committed under "color of state law." *West,* 487 U.S. at 48; *Buckley,* 997 F.2d at 495. Accordingly, Plaintiff's Complaint fails to state a claim upon which relief may be granted and must be dismissed.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (filing 1) is dismissed without prejudice.

2. A separate Judgment will be entered in accordance with this Memorandum and Order.

DATED this 18th day of April, 2012.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.